**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
----------------------------------------------------------------X

DOROTHY BREDEHORN,

                       Plaintiff,

   - against -

GRETCHEN JONES YOUNG *as Trustee of the Bredehorn Irrevocable Catastrophic Illness Trust also known as Gretchen Jones also known as Gretchen Young*, GRETCHEN JONES YOUNG *Individually also known as Gretchen Jones also Known as Gretchen Young*, and BRUCE YOUNG,

                       Defendants.
----------------------------------------------------------------X

**ORDER**

CV 19-1010 (SJF) (AKT)

**A. KATHLEEN TOMLINSON, Magistrate Judge:**

      Plaintiff's counsel previously filed a letter "motion to seal" which essentially seeks approval of the parties' confidentiality stipulation. *See* Motion to Seal ("Pl.'s Mot.") [DE 10]. According to the Plaintiff's motion, Judge Feuerstein directed Plaintiff's counsel to submit a letter "and describe why each of the categories of documents (and actual documents themselves) that fall under the definition of 'Confidential Information' in the parties' July 1, 2019 Confidentiality Stipulation should be included therein." *Id.* at 1; *see* Confidentiality Stipulation [DE 10-1]. The "Confidential Information" umbrella in the parties' stipulation refers to certain documents Plaintiff is to produce in response Defendant Gretchen Jones Young's "First Notice of Discovery and Inspection." *See* Confidentiality Stipulation; Defendant Gretchen Jones Young, First Notice of Discovery and Inspection [DE 10-2]. Specifically, the Stipulation lists the particular demand and the types of documents that would be produced in response and be deemed confidential:

- Demand 1: Copies of checks sought
- Demand 5: Copies of any financials
- Demand 6: Tax returns
- Demand 7: Documents supporting income and deductions
- Demand 8: Correspondence from the IRS and other authorities
- Demand 9: Wills and codicils
- Demand 10: Trusts
- Demand 12: Any financials which support response
- Demand 13: Insurance documents, payment of taxes and the like
- Demand 14: Any financial information responsive to this request
- Demand 16: Revocable trust
- Demand 17: Transfer Tax Returns
- Demand 18: All documents requested
- Demand 19: Powers of attorneys
- Demand 20: Healthcare proxies
- Demand 21: To the extent the gift requires the production of financials

Confidentiality Stipulation at 1-2. Also designated as Confidential Information are, more generally, "any and all documents which reflect the Plaintiff's finances, including bank statements, cancelled checks, wire transfers, credit card statements, and the like," "the hard drive of the Plaintiff's computer," and any of Plaintiff's medical records. *Id.* at 2.

Plaintiff argues that (1) the Stipulation should not be vacated and should be "upheld as it was entered into by counsel for both sides, after back and forth negotiations," and (2) "[t]here is no evidence of fraud, collusion, mistake or duress, or that the agreement is unconscionable or contrary to public policy." Pl.'s Mot. at 2. Plaintiff further argues that the public has little or no right to access documents exchanged by parties during discovery and that neither side has sought to file the documents subject to the Confidentiality Stipulation on the docket. *Id.* (citing *Brown v. Maxwell*, 929 F.3d 41 (2d Cir. 2019)). However, if the documents covered by the Stipulation do need to be filed, Plaintiff asserts that a sealing order should be issued for those documents. *Id.* at 3. Alternatively, Plaintiff's counsel maintains that if Defendant intends to file any of the documents at issue, Plaintiff should be provided with "reasonable notice of said intention, so that Plaintiff can make a motion to seal, if necessary." *Id.* In response, Defendants' counsel

2

acknowledges that he consented to the confidential treatment of all of the documents covered in the Stipulation. Opp'n to Motion ("Defs.' Opp'n") [DE 11] at 1-2. Although Defendants' counsel does not believe that "any" documents should be deemed confidential, he is "willing to abide by the agreement made in open Court on April 4 that Plaintiff's income tax returns, IRS communications with respect thereto, and her bank statements should be treated as 'Confidential.'" Defs.' Opp'n at 2. According to Defendant's counsel, all other documents should not be confidential.

The Court points out that the Stipulation of Confidentiality at issue here was never submitted to be "so ordered" but rather was filed as a motion. Further, Plaintiff's counsel has offered no justification or legal support for sealing virtually *all* of the documents relevant to this action -- including the prospect of sealing all deposition transcripts -- except for the fact that the documents are highly personal to the Plaintiff. The Court agrees that certain documents are highly personal, such as Plaintiff's medical records. However, courts in the Eastern District of New York do not wholesalely seal documents. "Although reasonable reliance on a previously granted protective order may create a presumption against disclosure, *see Martindell v. Int'l Tel. & Tel. Corp.,* 594 F.2d 291, 296 (2d Cir.1979), the law is clear that the *Martindell* presumption against disclosure does not apply where, as here, confidentiality designations are made without a showing of good cause." *King Pharm., Inc. v. Eon Labs, Inc.*, 04-CV-5540, 2010 WL 3924689, at *3 (E.D.N.Y. Sept. 28, 2010).

The existence of a common law right of public access to judicial documents is clear. *See Nixon v. Warner Comm'ns, Inc.,* 435 U.S. 589, 597–98, 98 S.Ct. 1306, 55 L.Ed.2d 570 (1978) ("[T]he courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents."); *Gambale v. Deutsche Bank,* 377 F.3d

133, 140 (2d Cir.2004) (public has a common law presumptive right of access to judicial documents).  However, that right of access is not absolute. The Second Circuit established a framework in *Lugosch v. Pyramid Co. of Onondaga,* 435 F.3d 110 (2d Cir.2006) for a court to utilize in determining when the public has a right of access to particular documents.  *Lugosch* involved the attempts of several news organizations to intervene to obtain access to documents filed under seal in conjunction with a motion for summary judgment.  *Id.* at 112. The Court of Appeals held that "[b]efore any such common law right can attach, however, a court must first conclude that the documents at issue are indeed 'judicial documents.'" *Lugosch,* 435 F.3d at 119. "Once the court has determined that the documents are judicial documents and that therefore a common law presumption of access attaches, it must determine the weight of that presumption." *Id.* "Finally, after determining the weight of the presumption of access, the court must 'balance competing considerations against it.'" *Id.* at 120.

Documents filed as exhibits to motions or as attachments to letters filed with the Court seeking some type of judicial action are, in fact, "judicial documents."  *See Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*, 14-CV-6867, 2016 WL 1071107, at *5 (S.D.N.Y. Mar. 18, 2016), *aff'd,* 814 F.3d 132 (2d Cir. 2016) (citing *Lugosch*, 435 F.3d at 122).  It is highly likely that some of the documents listed in Plaintiff's umbrella confidentiality agreement will be submitted to the Court to adjudicate some discovery issue or ultimately at summary judgment.  However, the Court is also cognizant of the fact that this is not a commercial case involving a business/business pursuits.  It is obviously a family matter involving, among other things, a catastrophic illness trust.  After reviewing the parties' submissions, and in light of the breadth of documents that the Plaintiff has designated as confidential, the Court finds that good cause does not exist to approve the Confidentiality Stipulation at DE 10-1 as currently constituted.  The

4

Court finds that the following categories of documents *do* fall within the scope of "confidential" materials and counsel are directed to amend the Stipulation accordingly: tax returns; wills and codicils; trusts; transfer tax returns; powers of attorney; healthcare proxies; medical records; and other documents for which the parties mutually agree to the designation of "Confidential."

With respect to deposition transcripts or transcript excerpts which are filed with the Court, those records may not be sealed completely. The portions of the transcripts which contain information which has been designated "Confidential" pursuant to the anticipated amended Stipulation and which a party seeks to submit to the Court shall be submitted in redacted form. As to the totality of Plaintiff's hard drive being subject to confidentiality, the Plaintiff has not provided the Court with any information regarding the contents of the hard drive which would enable to the Court to make a determination here. However, the Court does note that it is highly unlikely that the entire contents of Plaintiff's hard drive warrants such designation. The Court expects counsel to work out this issue together, using the above findings by the Court as guidance.

Although the portion of the Stipulation prohibiting all disclosure will not be enforced here, the Court will uphold a provision which requires the parties to inform each other regarding an intent to disclose documents which have been designated "Confidential" by reasonable advance notice which will permit the affected party to file a motion to seal if necessary. Counsel shall work out mutually agreeable language to accommodate this process. Neither side has taken issue with the remaining provisions of the original Stipulation and, consequently, there is no need for the Court to address them further here.

Within ten (10) days of this Order, counsel shall file a joint Amended Stipulation and Order of Confidentiality which complies with the foregoing directives. Counsel are reminded of

5

the need to include a separate "Agreement to be Bound" for eventual signature by anyone who is given access to the Confidential documents.  In the interim, no documents are to be withheld pending a final "so ordered" Stipulation.  To the extent any documents have been withheld, counsel are directed to produce them forthwith on an "Attorney's Eyes Only" basis until the "so ordered" Stipulation has been entered on the docket.

                                                           **SO ORDERED:**

Dated: Central Islip, New York
        April 28, 2020

                                            /s/ A. Kathleen Tomlinson
                                            A. KATHLEEN TOMLINSON
                                            United States Magistrate Judge